VANDEGRIFT & CO. ET AL. *v.* UNITED STATES (No. 2571) [1]

MARKING.

The word "Napoli" is not a compliance with section 304 (a), Tariff Act of 1922, requiring imported merchandise to be "marked, stamped, branded, or labeled, in legible English words, * * * so as to indicate the country of origin."

United States Court of Customs Appeals, December 4, 1925

APPEAL from Board of United States General Appraisers, Abstract 48868

[Affirmed.]

*B. A. Levett* for appellants.

*William W. Hoppin*, Assistant Attorney General (*Charles D. Lawrence* and *Marcus Higginbotham, jr.*, special attorneys, of counsel), for the United States.

[1] T. D. 41235.

[Oral argument Oct. 14, 1925, by Mr. Levett and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

Section 304 (a) of the Tariff Act of 1922 contains the following provision:

That every article imported into the United States, which is capable of being marked, stamped, branded, or labeled, without injury, at the time of its manufacture or production, shall be marked, stamped, branded, or labeled, in legible English words, * * * so as to indicate the country of origin. * * *

In the case at bar the imported merchandise, round cheeses, weighing some 17 to 20 pounds each, were marked by attaching thereto circular metallic tags about 2¼ inches in diameter. Around the upper half of the periphery of the exposed face of the tag is printed: "PRODUZIONE SPECIALE." Within the semicircle made by these two words the following printed words appear:

DELLA DITTA
FRANCESCO
ALBANO
NAPOLI

The lower half of the exposed face contains a picture representing sheep. Immediately thereunder, in letters smaller than any others on the face of the tag appear the words:

Trade Mark
Copyright 1922

And around the periphery of the lower half of such face are the words: "MADE FROM PARTIALLY SKIMMED MILK."

The sole question before us is whether the word "Napoli" on the tag is a mark, stamp, brand, or label indicating the country of origin sufficient to comply with the quoted statute.

The collector found it was not and the Board of General Appraisers, upon the hearing of the importers' protest, came to the same conclusion.

The importers argue that it is a reasonable interpretation of the statute to hold that the term therein, "legible English words," means words in English letters; that if the foreign form of the word be used, spelled in English letters, it is sufficient if it carries to the ordinary mind an indication of the country of origin; and that the word "Napoli" in connection with what appears upon the tags does sufficiently so indicate.

The contention of the Government is that the provision of the statute, that the country of origin shall be indicated in legible English words, is plain and unambiguous and that the word "Napoli" on these tags does not comply therewith.

We think this contention must be upheld. "Napoli" is not, nor is it claimed to be, an English word. The board found it was a Latin word, the English equivalent of which is "Naples." Of itself, "Napoli" does not indicate the country of origin of the cheeses to which the tags are affixed. The other matters appearing on the face of the tag throw no light whatever upon the question of the country of origin, if, indeed, they do not render it obscure. Those sufficiently learned to know that "Napoli" means Naples when translated into English, may, perhaps, assume that that city was the place where the cheeses received some treatment, but it can not be said that the *country of origin* is indicated thereby. To hold that it sufficiently indicates such country would be to say that the name of any foreign city, great or small, insignificant or important, well or little known, marked, stamped, or branded upon merchandise, with no other words whatever to indicate that the merchandise itself was there produced or manufactured, would be a compliance with the statute.

We can not think that was the intention of Congress, and the judgment of the Board of General Appraisers is *affirmed*.