WILLIAM CAMP CO. *v.* UNITED STATES (No. 3961)[1]

[1] T. D. 48623.

United States Court of Customs and Patent Appeals, October 26, 1936

Pickrell & McDonald for appellant.

Joseph R. Jackson, Assistant Attorney General (Charles D. Lawrence, Special Assistant to the Attorney General, and Richard E. FitzGibbon, special attorney, of counsel), for the United States.

[Oral argument October 13, 1936, by Mr. McDonald and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Third Division, adjudging that certain canned salmon imported at the port of New York was not marked to indicate the country of origin of said salmon, as required by section 304 of the Tariff Act of 1930.

The merchandise consists of salmon packed in tin cans, and each of said tin cans was legibly marked "Packed in Japan" in a conspicuous place. A sample of the merchandise was introduced in evidence as Exhibit 1.

The Collector of Customs found that this marking was insufficient to comply with the law, and levied an additional duty of 10 per centum of the value of the merchandise, pursuant to the provisions of said section 304.

Appellant protested the assessment of such additional duty. The cause was submitted to the trial court upon a stipulation of the facts above set forth. Judgment was entered overruling said protest, and from such judgment appellant took this appeal.

There is but one issue in the case, to wit: Does the legend "Packed in Japan," appearing on the tins of canned salmon, comply with the requirements of said section 304? Said section, so far as is here pertinent, reads as follows:

SEC. 304. MARKING OF IMPORTED ARTICLES.

(a) MANNER OF MARKING.—Every article imported into the United States, and its immediate container, and the package in which such article is imported, shall be marked, stamped, branded, or labeled, in legible English words, in a conspicuous place, in such manner as to indicate the country of origin of such article, in accordance with such regulations as the Secretary of the Treasury may prescribe.

\*       \*       \*       \*       \*       \*       \*

(b) ADDITIONAL DUTIES FOR FAILURE TO MARK.—If at the time of importation any article or its container is not marked, stamped, branded, or labeled in accordance with the requirements of this section, there shall be levied, collected, and paid on such article, unless exported under customs supervision, a duty of 10

per centum of the value of such article, in addition to any other duty imposed by law, or, if such article is free of duty, there shall be levied, collected, and paid a duty of 10 per centum of the value thereof.

It appears from the entry papers that the merchandise was classified for general duties under paragraph 720 of said tariff act, the pertinent portions of which read as follows:

PAR. 720. (a) Fish, smoked or kippered (except fish packed in oil or in oil and other substances and except fish packed in air-tight containers weighing with their contents not more than fifteen pounds each):

\* \* \* \* \* \* \*

(b) Fish, prepared or preserved, not specially provided for, in immediate containers weighing with their contents not more than fifteen pounds each, 25 per centum ad valorem; in bulk or in immediate containers, weighing with their contents more than fifteen pounds each, 1¼ cents per pound net weight.

In the case of *American Burtonizing Co.* v. *United States*, 13 Ct. Cust. Appls. 652, T. D. 41489, in construing section 304 of the Tariff Act of 1922, which, for all of the purposes of this case, is the same as section 304 of the Tariff Act of 1930, this court said:

Obviously, the purpose of section 304, which goes into great detail as to how the marking shall be done, was to require a marking such as would be understood by purchasers of foreign-made goods as giving definite and reliable information as to the country of origin. It is not reasonable to suppose that Congress, by the use of the word "indicate," meant only that the words used should *hint* at the country of origin. The object sought to be obtained by the legislature could best be obtained by an indication which was clear, plain, and unambiguous and which did more than merely *hint* at the country of origin. We do not think that Congress intended that American purchasers, consumers, or users of foreign-made goods should be required to speculate, investigate, or interpret in order that they might ascertain the country of origin.

With respect to many, and perhaps most, articles of merchandise, the legend "Packed in Japan" might not indicate to purchasers, consumers, or users of the merchandise its origin, but with respect to fish we think that the legend "Packed in Japan," conspicuously shown upon each can, is a full compliance with the marking statute.

In the case of *Procter & Gamble Manufacturing Co.* v. *United States*, 19 C. C. P. A. (Customs) 415, T. D. 45578, we said:

\* \* \* It is a matter of common knowledge that whales are captured and killed, to a large extent, upon the high seas, and not within the territorial limits of any country. \* \* \*

We may likewise observe that there are many varieties of fish that are caught upon the high seas and not within the territorial limits of any country. In such case, clearly the place where packed, as the term "packed" is used in paragraph 720, would properly be considered the country of origin, and the words "Packed in [that country]" would clearly indicate the country of origin. Moreover, fish may be brought to canneries, some of which fish are caught within the terri-

torial limits of one country and some within another, and it might not be possible for the packer to determine in what territorial waters the fish were caught.

It is our opinion that the term "packed," where applied to canned fish, usually includes the preparation of the fish for consumption. Paragraph 720, under which the involved merchandise was classified, uses the terms "packed in oil" and "packed in air-tight containers." Webster's New International Dictionary (1932) defines the verb *pack*, as applied to merchandise of this character, as follows:

* * * to prepare and put up for preservation * * *; as, * * * to *pack* meat, fruit, or fish.

The entry papers disclose that the salmon here involved were packed in one-pound cans. We think that the term "Packed in Japan" clearly implies that the fish were not only packed in cans in Japan, but were there prepared for ultimate consumption.

The American purchaser, in our opinion, would not be interested in knowing whether the salmon were caught upon the high seas, in the territorial waters of Japan, China, or the Soviet Republic, but might be greatly interested in knowing where they were packed, that is, prepared and placed in cans. Under all the circumstances, we hold that the legend "Packed in Japan" sufficiently indicated the country of origin of the merchandise here involved, within the meaning of said section 304.

We would repeat that nothing herein contained should be construed as indicating that the words "Packed in Japan" or "Packed in [any other country]" would be a sufficient marking of merchandise where the same was merely assembled, crated, or placed in containers in such country, and we here express no opinion thereon. Our decision herein is limited to fish in the condition in which the involved merchandise was imported.

For the reasons here stated, the judgment of the United States Customs Court, Third Division, is *reversed*, and the cause is *remanded* for further proceedings consistent with the views herein expressed.