NEW YORK BOLTING CLOTH CO. v. UNITED STATES[1]

United States Customs Court, Third Division

(Decided November 10, 1938)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Daniel G. McGrath*, special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

CLINE, Judge: In these suits against the United States the plaintiff claims that the collector of customs at the port of New York illegally assessed additional duty at the rate of 10 per centum ad valorem under section 304 (b) of the Tariff Act of 1930 on the ground that the merchandise was not legally marked.

---

[1] C. D. 56.

Two cases were consolidated for trial. The merchandise, which is invoiced as "pure silk bolting cloth," was shipped from Japan. It consists of bolts of silk cloth 40 inches in width and 25 yards in length, which were wrapped in paper and packed in cases. It was agreed between counsel that neither the cases nor the wrapping paper contained any marking tending to indicate the country of origin of the goods. A piece cut from the end of one of the bolts was introduced in evidence at the trial and marked "Exhibit 1." Two different markings in boxes, oblong in shape, are printed on this exhibit. In the center of one of these oblong boxes the word "PASSED" is printed; the words "By Silk Inspection Office. Imperial Japanese Government" appear around the word "PASSED"; the other box contains the words "Length 25 YDS." and "Width 40 INS." in the center with the words "Guaranteed by Silk Inspection Office. Imperial Japanese Government" around the edge. The record established that the same marking was on the ends of all the pieces of cloth in the importations. The official marking notice shows that before the goods were released from customs custody the importer was required to mark the cloth and containers with the word "Japan."

Counsel for the plaintiff contends in his brief that the stamps or legends on the ends of the cloth were sufficient to indicate the country of origin of the goods, and that therefore the cloth was legally marked and the additional duty under section 304 (b) should not have been assessed. The plaintiff cites *P. Lorillard & Co.* v. *United States,* 24 C. C. P. A. 90, T. D. 48412, T. D. 44671-27, and T. D. 44992-14. The last two citations are rulings of the Bureau of Customs published in abstract form. In T. D. 44671-27 the Commissioner of Customs held that a Canadian meat inspection stamp containing the words "Canada" and "Approved" was sufficient to indicate the country of origin of meat imported from Canada, and T. D. 44992-14 contains an abstract of a decision by the Commissioner of Customs holding that a label on canned meat containing the words "Prepared and packed under Paraguayan Government Inspection" was sufficient as a marking legend.

Counsel for defendant argues in his brief that the only thing the marking on Exhibit 1 indicates is that the cloth was passed or guaranteed by the silk inspection service of Japan and that, for all that appears, the fabrics may have been manufactured in some other country and merely inspected by the agents of the Japanese Government.

We have examined the Treasury decisions cited and find that they are merely abstracts of decisions made by the Commissioner of Customs. In *Mitsui & Co., Ltd.* v. *United States,* T. D. 49357, it was held that similar published decisions of the Bureau of Customs

were not regulations inasmuch as they do not bear the approval of the Secretary of the Treasury, citing cases.

Section 304 (a) of the Tariff Act of 1930 provides that all imported goods shall be marked so as to *indicate* the country of origin thereof. The statute does not specify that the *name* of the country of origin shall be used. In the case of *P. Lorillard & Co.* v. *United States,* 24 C. C. P. A. 90, T. D. 48412, the appellate court noted the difference between the method of marking described in section 304 (a) and that prescribed for merchandise covered by paragraphs 354, 355, 357, 358, 359, 360, and 361, wherein the *name* of the country is required in the marking. In referring to the marking required by section 304 (a), the court said:

> We agree with the importer that the law does not require that the importation be marked with the *name* of the country in which the goods originate. \* \* \* However, this consideration does not suggest that by using the term "indicate" Congress meant that all that was necessary to be done was to "hint" at the country of origin (*American Burtonizing Co.* v. *United States*, 13 Ct. Cust. Appls. 652, T. D. 41489) or that, in every instance, it would be sufficient to mark the goods with the name of a place which might be found to be in or a part of the country of origin, only after research and investigation had been made. [Italics quoted.]

It does not appear that any attempt was made by the manufacturer of the fabrics herein involved to mark them for the purpose of showing the country of origin, and the only question involved is whether the inspection stamps are a sufficient compliance with the marking law. The use of the word "Japanese" in the labels on the silk does not indicate that the fabrics were produced in Japan. From all that appears in the legends they may have been made by a manufacturer in another country and shipped to Japan where they were subject to inspection under the authority of the Imperial Japanese Government.

In the case of *William Camp Co.* v. *United States*, 24 C. C. P. A. 142, T. D. 48623, the court held that the marking "Packed in Japan" was sufficient for prepared fish because packing is one of the operations in preparing fish, but the court intimated that the use of the word "Packed" in a marking label might not be acceptable on other kinds of merchandise. The court said at page 144:

> With respect to many, and perhaps most, articles of merchandise, the legend "Packed in Japan" might not indicate to purchasers, consumers, or users of the merchandise its origin, but with respect to fish we think that the legend "Packed in Japan", conspicuously shown upon each can, is a full compliance with the marking statute.

If the words "Packed in Japan" are not sufficient as a marking legend on articles in which packing is not a method of preparation, how could a stamp showing merely that silk had been inspected and passed by the agencies of the Imperial Japanese Government be con-

sidered as indicating that Japan was the country of origin thereof? In the *American Burtonizing Co.* case, cited in *P. Lorillard & Co.* v. *United States, supra,* the court said:

Obviously, the purpose of section 304, which goes into great detail as to how the marking shall be done, was to require a marking such as would be understood by purchasers of foreign-made goods as giving definite and reliable information as to the country of origin. It is not reasonable to suppose that Congress, by the use of the word "indicate," meant only that the words used should *hint* at the country of origin. The object sought to be obtained by the legislature could best be obtained by an indication which was clear, plain, and unambiguous and which did more than merely *hint* at the country of origin. We do not think that Congress intended that American purchasers, consumers, or users of foreign-made goods should be required to speculate, investigate, or interpret in order that they might ascertain the country of origin. [Italics quoted.]

We are of the opinion that the legends printed on the end of the pieces of silk fabrics herein involved do not indicate in clear, plain, and unambiguous language that the merchandise was made in Japan. The protest is overruled. Judgment will be entered in favor of the defendant.