**No. 41299.**—Protests 947486–G, etc., of Lord & Taylor et al. (New York).

Opinion by DALLINGER, J.   It was stipulated that the merchandise consists of illuminating articles wholly or in chief value of glass.   The claim at 60 percent under paragraph 218 (c) was therefore sustained.

**No. 41300.**—Protest 934018–G of F. W. Woolworth Co. (New York).

Opinion by DALLINGER, J.   In accordance with stipulation of counsel and on the authority of *Rice* v. *United States* (T. D. 49373) the atomizers in question were held dutiable at 40 percent under paragraph 339.

**No. 41301.**—Protests 492238–G, etc., of Wagner-Watrous, Inc., et al. (New York).

Opinion by DALLINGER, J.   It was stipulated that the merchandise consists of aneroid barometer movements and aneroid barometers in frames or cases the same as those passed upon in *Oppleman* v. *United States* (T. D. 49565).   The claim as machines or parts at 27½ percent under paragraph 372 was therefore sustained.

**No. 41302.**—Protests 941922–G, etc., of Carsch, Inc., et al. (New York).

Opinion by DALLINGER, J.   On the records presented the protests were overruled.

BEFORE THE THIRD DIVISION, MAY 12, 1939

**No. 41303.**—Protest 935063–G of Southern Rice Sales Co., Inc. (New York.)

Opinion by CLINE, J.   It appeared that the shipment involved consisted of 6,000 bags of brewers' rice from Belgium and that 60 percent of the bags had the word "elgium" stenciled thereon.   It was held that the marking "elgium" does not indicate the country of origin and the protest was overruled on the authority of *American Burtonizing Co.* v. *United States* (13 Ct. Cust. Appls. 652, T. D. 41489).   Abstracts 38802, 31863, 39003, 38454, and 40108 cited.   Abstracts 39882, 40290, and 39884 distinguished.