and the cases at 20 cents each and 45 percent ad valorem under paragraph 367 (f) (4).

**No. 42366.**—Protest 993437–G of Norman M. Morris, Inc. (New York).

Opinion by DALLINGER, J.   In accordance with stipulation of counsel and on the authority of *Abercrombie* v. *United States* (C. D. 135) the movements were held dutiable at $2.12 each under paragraph 367 and T. D. 48093, and the cases at 10 cents each and 25 percent ad valorem under the same paragraph.   The leather cases were held dutiable at 35 percent under paragraph 1531 as claimed.

**No. 42367.**—Protest 990262–G of Longines Wittnauer Co., Inc. (New York).

Opinion by DALLINGER, J.   It was stipulated that the merchandise consists of various parts of watch movements, which are subassemblies composed of one or more jewels, similar to those the subject of *Benrus* v. *United States* (T. D. 49289). The claim at 45 percent ad valorem under paragraph 367 (c) (1) was therefore sustained.

**No. 42368.**—Protests 897419–G, etc., of Aarenau & Wolf, Inc., et al. (New York).

Opinion by DALLINGER, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE THIRD DIVISION, OCTOBER 10, 1939

**No. 42369.**—Protest 967552–G of S. B. Penick & Co. (New York).

Opinion by CLINE, J.   It appeared that the bags containing the colombo roots in question were marked with the legend "P. E. Africa."   The court found that a consumer would be informed by the marking that the merchandise was produced in the continent of Africa but he could not tell from the marking in what country in that continent the merchandise originated without speculating or investigating.   On the authority of *American Burtonizing Co.* v. *United States* (13 Ct. Cust. Appls. 652, T. D. 41489) and Abstracts 31820 and 39461 the merchandise was held insufficiently marked and the protest was overruled.   Abstract 37656 distinguished.

**No. 42370.**—Protest 989321–G of Milton Snedeker Co. (New York).

Opinion by KEEFE, J.   In accordance with stipulation of counsel and on the authority of *Kwong* v. *United States* (T. D. 49409) it was held that the stands in question are separately dutiable under paragraph 412 as claimed.