DENSTEN FELT & HAIR CO. *v.* UNITED STATES (No. 4206) [1]

---

[1] C. A. D. 101.

United States Court of Customs and Patent Appeals, February 5, 1940

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for appellant.
*Webster J. Oliver*, Assistant Attorney General (*Charles D. Lawrence*, Special Assistant to the Attorney General, and *Samuel D. Spector*, special attorney, of counsel), for the United States.

[Oral argument December 4, 1939, by Mr. Allerton deC. Tompkins and Mr. Lawrence]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACK-SON, Associate Judges

Jackson, Judge, delivered the opinion of the court:

The merchandise herein consists of hair packed in bales, imported by appellant into the port of Philadelphia from the Union of Soviet Socialist Republics. When imported, the bales bore the marking "Product of U. S. S. R." The Collector of Customs required the bales to be marked "Soviet Russia," before he permitted them to be released from customs custody and assessed the merchandise with 10 per centum additional duty under section 304 (b), Tariff Act of 1930, on the grounds that the importation when imported had not been legally marked to indicate the country of origin in accordance with T. D. 48116.

The pertinent provisions of the said act and the regulation of the Secretary of the Treasury here involved are:

SEC. 304. MARKING OF IMPORTED ARTICLES.

(a) MANNER OF MARKING.—Every article imported into the United States, and its immediate container, and the package in which such article is imported, shall be marked, stamped, branded, or labeled, in legible English words, in a conspicuous place, in such manner as to indicate the country of origin of such article, in accordance with such regulations as the Secretary of the Treasury may prescribe. * * *

(b) ADDITIONAL DUTIES FOR FAILURE TO MARK.—If at the time of importation any article or its container is not marked, stamped, branded, or labeled in accordance with the requirements of this section, there shall be levied, collected, and paid on such article, unless exported under customs supervision, a duty of 10 per centum of the value of such article, in addition to any other duty imposed by law, or, if such article is free of duty, there shall be levied, collected, and paid a duty of 10 per centum of the value thereof.

(T. D. 48116)

*Marking of country of origin*

The marking "Soviet Russia" acceptable under section 304, Tariff Act of 1930, and article 509 (b), Customs Regulations of 1931, as amended by T. D. 46865 and T. D. 46978, to indicate the country of origin of merchandise from the Union of Soviet Socialist Republics

284

TREASURY DEPARTMENT
OFFICE OF THE COMMISSIONER OF CUSTOMS,
Washington, D. C.

To Collectors of Customs and Others Concerned:

In addition to the markings considered sufficient to indicate the country of origin of merchandise the manufacture or production of the Union of Soviet Socialist Republics, as given in T. D. 47007 and T. D. 47114, the marking "Soviet Russia" will be accepted as an indication of the country of origin. The marking "Union of Soviet Socialist Republics", "Soviet Union", or "U. S. S. R. (Russia)" continues to be satisfactory.

JAMES H. MOYLE,
Commissioner of Customs.

Approved January 15, 1936:
T. J. COOLIDGE,
Acting Secretary of the Treasury.

Appellant brought suit against the United States in the United States Customs Court to recover the said additional duty, claiming it had been unlawfully exacted for the reason that the marking on the bales when imported was in conformity with the statute.

The suit was tried in Philadelphia and the said court, by judgment duly rendered, overruled the protest. From the judgment this appeal was taken.

The issue is whether the marking "Product of U. S. S. R." is a sufficient compliance with the aforesaid statute.

The letters "U. S. S. R." are not in legible English words, and are not therefore in accordance with the said statute.

It is true that these letters might hint at the country of origin, but, as was held by this court in the case of American Burtonizing Co. v. United States, 13 Ct. Cust. Appls. 652, 654, T. D. 41489:

* * * It is not reasonable to suppose that Congress, by the use of the word "indicate," meant only that the words used should hint at the country of origin. The object sought to be obtained by the legislature could best be obtained by an indication which was clear, plain, and unambiguous and which did more than merely hint at the country of origin. We do not think that Congress intended that American purchasers, consumers, or users of foreign-made goods should be required to speculate, investigate, or interpret in order that they might ascertain the country of origin.

No case has been called to our attention, and diligent research has failed to disclose any case wherein it has been held that letters alone, such as those appearing herein, were enough to indicate the country of origin of imported goods. All judicial holding has been to the contrary. Givaudan Delawanna, Inc. v. United States, 22 C. C. P. A. (Customs) 115, T. D. 47104; B. H. Old & Co. v. United States, Abstract 38594, 73 Treas. Dec. 1284; Jonas & Naumberg Corp. v. United States, Abstract 33088, 69 Treas. Dec. 1132; American Sponge & Chamois Co. v. United States, Abstract 31977, 68 Treas. Dec. 1027; Duryea Seed Co. v. United States, Abstract 31446, 68 Treas. Dec. 941;

*E. F. Morley & Co.* v. *United States*, Abstract 30994, 67 Treas. Dec. 1271.

For the reasons stated herein the judgment appealed from is *affirmed*.

GARRETT, Presiding Judge, dissenting.

The Union of Soviet Socialist Republics has been in existence for many years. It was recognized by our Government in 1933. In the press of the United States the abbreviation U. S. S. R. has been constantly used for two decades to indicate that country just as U. S. A. is constantly used to indicate the United States of America. It is true that the abbreviation is not a word, but the letters are plain English letters, and it seems to me that they are sufficient to meet the spirit of the marking statute. Surely all who could have any particular interest in the merchandise involved must know the meaning of the abbreviation. The only decision by this court bearing upon the use of letters alone cited in the majority opinion is that of *Givaudan Delawanna, Inc.* v. *United States*, 22 C. C. P. A. (Customs) 115, T. D. 47104. It is my thought that the present case is distinguishable from that. The country there was the small and little-known country of Zanzibar. It was held, I think correctly, that "ZBAR" was insufficient. The Union of Soviet Socialist Republics is territorially and in point of population one of the largest nations on earth. It does not seem to me possible that the abbreviation of that name could be confused with that of any other nation by any person having reasonable information as to history and geography.