John S. Connor *v.* United States (No. 4215)[1]

United States Court of Customs and Patent Appeals, October 28, 1940

*B. A. Levett* for appellant.

*Charles D. Lawrence*, Acting Assistant Attorney General (*Daniel I. Auster*, special attorney, of counsel) for the United States.

[Oral argument October 3, 1940, by Mr. Levett and Mr. Lawrence]

Before Garrett, Presiding Judge, and Bland, Hatfield, Lenroot, and Jackson, Associate Judges

Bland, Judge, delivered the opinion of the court:

John S. Connor, a customshouse broker, acting as agent for the Procter & Gamble Manufacturing Co., has here appealed from a judgment of the Third Division of the United States Customs Court which overruled appellant's protest against the assessment of an additional duty of 10 per centum under section 304, Tariff Act of 1930, on account of the fact that in the collector's opinion the involved merchandise, raw copra, packed in burlap bags, contained no marking either on the copra or the bags which indicated the country of origin in accordance with the provisions of the statute. The pertinent parts of said section 304 read as follows:

SEC. 304. MARKING OF IMPORTED ARTICLES.

(a) Manner of Marking.—Every article imported into the United States, and its immediate container, and the package in which such article is imported, shall be marked, stamped, branded, or labeled, *in legible English words*, in a conspicuous place, in such manner as to indicate the country of origin of such article, in accordance with such regulations as the Secretary of the Treasury may prescribe. Such marking, stamping, branding, or labeling shall be as nearly indelible and permanent as the nature of the article will permit. * * * [Italics ours]

(b) Additional Duties for Failure to Mark.—If at the time of importation any article or its container is not marked, stamped, branded, or labeled in accordance with the requirements of this section, there shall be levied, collected, and paid * * * a duty of 10 per centum of the value thereof.

The raw copra consists of broken pieces of cocoanut. It is conceded by all that the copra could not be marked. The bags were

marked "Produce of N. E. I." Before permitting the goods to leave customs custody it was required that the bags be marked "Produce of Dutch East Indies." There was some dispute as to whether or not the notation originally on the bags was "Produce of D. E. I." or "Produce of N. E. I." but it was conceded by the Government in open court at the trial below that the marking was. "Produce of N. E. I." The goods were exported from The Netherlands East Indies, a possession of The Netherlands. It was the contention of the appellant in the court below, and the same contention is made here, that "N. E. I." is sufficient marking to indicate that the goods were the produce of The Netherlands East Indies. It was the holding of the court below, in which a number of that court's decisions and two decisions of this court were relied upon for supporting authority, that the letters "N. E. I." did not indicate, in accordance with the statute, the country of origin of the merchandise.

In this court appellant relies for supporting authority upon this court's decision in the case of *P. Lorillard & Co., Inc.* v. *United States*, 24 C. C. P. A. (Customs) 90, T. D. 48412, as holding that it was not necessary to mark the merchandise with the *name* of the country of origin, but that it would be sufficient if the marking "indicate the country of origin," and upon decisions of the United States Customs Court in Abstract 38243, 73 Treas. Dec. 1228, Abstract 37656, 73 Treas. Dec. 1113, and Abstract 32638, 68 Treas. Dec. 1146, in which it was held, respectively, that the notations "Product of G't. Britain," "B. N. Borneo," and "Product of Anegada, B. V. I." were sufficient to indicate the country of origin. No decision of this court, except as above indicated, is cited in support of the contentions of the appellant.

The Government calls attention to the generous citation of authority in the decision of the court below, and emphasizes the fact that in *American Burtonizing Co.* v. *United States*, 13 Ct. Cust. Appls. 652, T. D. 41489, this court held that it was not sufficient to *hint* at the country of origin but that the statute required that the notations should be in legible English words. It also quoted from *P. Lorillard & Co. Inc.*, v. *United States*, *supra*, where the importance of complying with the marking statute had been stressed by this court.

The Government contends here that the instant issue is controlled by the recent decision of this court in *Densten Felt & Hair Co.* v. *United States*, 27 C. C. P. A. (Customs) 282, C. A. D. 101, in which it was held that the notation "Product of U. S. S. R." on imported bales of hair was not a compliance with the statute as indicating that the country of origin was Russia.

We agree with the Government's position and must hold that the notation "N. E. I." does not indicate "in legible English words" that The Netherlands East Indies was the country of origin of the

involved merchandise. In *Densten Felt & Hair Co.* v. *United States, supra,* this court said:

> The issue is whether the marking "Product of U. S. S. R." is a sufficient compliance with the aforesaid statute.
>
> The letters "U. S. S. R." are not in legible English words, and are not therefore in accordance with the said statute.
>
> It is true that these letters might hint at the country of origin, but, as was held by this court in the case of *American Burtonizing Co.* v. *United States,* 13 Ct. Cust. Appls. 652, 654, T. D. 41489:
>
> > * * * It is not reasonable to suppose that Congress, by the use of the word "indicate," meant only that the words used should *hint* at the country of origin. The object sought to be obtained by the legislature could best be obtained by an indication which was clear, plain, and unambiguous and which did more than merely *hint* at the country of origin. We do not think that Congress intended that American purchasers, consumers, or users of foreign-made goods should be required to speculate, investigate, or interpret in order that they might ascertain the country of origin.
>
> No case has been called to our attention, and diligent research has failed to disclose any case wherein it has been held that letters alone, such as those appearing herein, were enough to indicate the country of origin of imported goods. All judicial holding has been to the contrary. *Givaudan Delawanna, Inc.* v. *United States,* 22 C. C. P. A. (Customs) 115, T. D. 47104; *B. H. Old & Co.* v. *United States,* Abstract 38594, 73 Treas. Dec. 1284; *Jonas & Naumberg Corp.* v. *United States,* Abstract 33088, 69 Treas. Dec. 1132; *American Sponge & Chamois Co.* v. *United States,* Abstract 31977, 68 Treas. Dec. 1027; *Duryea Seed Co.* v. *United States,* Abstract 31446, 68 Treas. Dec. 941; *E. F. Morely & Co.* v. *United States,* Abstract 30994, 67 Treas. Dec. 1271.

If "U. S. S. R.," which doubtless is more frequently used in marking goods than the notation "N. E. I.," is insufficient to comply with the terms of the statute, inasmuch as it is not in legible English words, it is not seen how it can be logically contended that the notation "N. E. I." would indicate that The Netherlands East Indies was the country of origin.

We think the decision last cited is controlling of the issue at bar, and that the trial court did not err in overruling the protest of appellant. Its judgment is affirmed.